IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-30379
USDC No. CA-95-226-A-M2
S))))))))))))))Q

MICHAEL E. MEADER,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, Warden,

Defendant-Appellee.

S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Middle District of Louisiana
S))))))))))))))))))))))))Q
(June 22, 1995)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

BY THE COURT:

Michael E. Meader's timely notice of appeal is construed as a request for a certificate of probable cause (CPC).  Meader's motions for a certificate of probable cause (CPC) and to proceed *in forma pauperis* on appeal are GRANTED.

The Supreme Court recently held, in a case where consecutive prison sentences were imposed at the same time on separate counts in a single indictment, that under 28 U.S.C. § 2254, a state prisoner is "in custody" for any consecutive sentence until all of the consecutive sentences are served. *Garlotte v. Fordice*, No. 94-6790, 1995 WL 318633, at *2, *5 (U.S. May 30, 1995).

Although the record is not clear, the report of the magistrate judge, which was adopted by the district court and on the basis of which it dismissed the habeas claims for want of jurisdiction, reflects that when Meader was sentenced October 22, 1990, to the terms of imprisonment he is now still serving, he still had 41 days remaining time to serve on his 1987 conviction and sentence; the 1990 sentence was "consecutive to any time the petitioner had to serve as a result of the revocation of the mandatory parole supervision for his 1987 conviction." The habeas petition was filed in February 1995, and attacks the 1987 sentence, and the magistrate judge concluded there was no jurisdiction as plaintiff was not "in custody" under the 1987 sentence: "the plaintiff is presently attacking a sentence for which he is not correctly incarcerated as the sentence for the 1987 conviction expired on or about December 2, 1990." The district court and magistrate judge did not have the benefit of *Garlotte*, which reversed a decision of this Court. Accordingly, the district court's judgment dismissing the habeas claim is vacated and that aspect of the cause is remanded for reconsideration in light of *Garlotte*. Meader does not challenge the district court's dismissal on limitations grounds of his claims under 42 U.S.C. § 1983, and accordingly that portion of the judgment below is affirmed.

AFFIRMED in part; VACATED and REMANDED in part